IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KELVIN DEVON JOHNSON, # 2179508, § <br> PETITIONER, § <br> § <br> v. § <br> § <br> LORIE DAVIS, DIRECTOR, § <br> TEXAS DEPARTMENT OF CRIMINAL § <br> JUSTICE, CORRECTIONAL § <br> INSTITUTIONS DIVISION DIV., § <br> RESPONDENT. § | CIVIL CASE NO. 3:18-CV-2359-G-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this action seeking a writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States Magistrate Judge. As stated herein, the petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

I. BACKGROUND

On December 13, 2016, the trial court, upon deferring the adjudication of Petitioner Kelvin Devon Johnson's guilt, placed him on community supervision for a period of three years for the offense of aggravated assault causing bodily injury. *State v. Johnson*, No. F16-00880-R (265th Jud. Dist. Court, Dallas Cty, Tex. Dec. 13, 2016). On January 12, 2018, Johnson was adjudicated guilty and sentenced to three years' imprisonment. *Id.* He now requests credit for time served from January 20 to July 4, 2017 for a parole violation on a separate offense. Doc. 3 at 6.

## II. ANALYSIS

A state prisoner must exhaust all available state-court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state-court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain,* 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Johnson has not satisfied the exhaustion requirement. As an initial matter, Johnson may have been required to exhaust state administrative remedies before even seeking state habeas corpus relief. *See* Tex. Gov't Code Ann. § 501.0081 (West 2018) (requiring Texas inmates to pursue time-credit complaints through a dispute resolution process within the prison system before raising such a claim in a state habeas application). In any event, a review of his petition and a search of the state courts' docket sheets (available online) confirms that he did not file a state habeas application challenging the denial of back-time credits. *See* Doc. 1 at 3-4 (Johnson's admission that he instead submitted letters to the trial court requesting the back-time credits). Consequently, the Texas Court of Criminal Appeals has never considered the substance of Johnson's claim.

## III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.  *See* 28 U.S.C. § 2254(b) and (c).

**SO RECOMMENDED** on November 9, 2018.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).